# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1254V
UNPUBLISHED

| | |
|---|---|
| GARY NEARY,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 5, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Meningococcal Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C.,* White Plains, NY, for Petitioner.

*Terrence Kevin Mangan, Jr.,* U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On April 20, 2022, Gary Neary filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that he suffered a shoulder injury related to vaccine administration (SIRVA) resulting from the adverse effects of a meningococcal conjugated vaccine and/or a meningococcal group B vaccine received on May 5, 2020. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, his symptoms persisted for more than six months, and neither he, nor any other party, has ever filed any action, or received or accepted compensation in the form of an award or settlement for his vaccine-related injury. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 5, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent found that Petitioner's claim meets the Table criteria for SIRVA. Specifically, Respondent determined that "[P]etitioner had no apparent history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; he more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; his pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccines were administered; and there is no other condition or abnormality present that would explain [P]etitioner's symptoms." *Id.* at 3-4. Respondent further agrees that "the case was timely filed, that the vaccines were received in the United States, and that [P]etitioner satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master