# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1254V
UNPUBLISHED

| | |
|---|---|
| GARY NEARY,<br><br>                              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                              Respondent. | Chief Special Master Corcoran<br><br>Filed: August 5, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Meningococcal Vaccine;<br>Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY*, for Petitioner.

*Terrence Kevin Mangan, Jr., U.S. Department of Justice, Washington, DC*, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On April 20, 2021, Gary Neary filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that he suffered a shoulder injury related to vaccine administration (SIRVA) resulting from the adverse effects of a meningococcal conjugated vaccine and/or a meningococcal group B vaccine received on May 5, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 5, 2022, Respondent filed a combined Rule 4(c) report and proffer on award of compensation ("Proffer"). On the same day, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. In the Proffer, Respondent indicated that Petitioner should be awarded $65,458.45 (comprised of 65,000.00 for pain

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and suffering and $458.45 for out-of-pocket expenses). Proffer at 4. Also in the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $65,458.45 (comprised of 65,000.00 for pain and suffering and $458.45 for out-of-pocket expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.